IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 98-cv-00630-WYD-MEH

GRYNBERG PRODUCTION CORP., and
TRANSWORLD RESOURCES CORP.,

**[FILED UNDER SEAL]**

    Plaintiffs,

v.

SUSMAN GODFREY LLP,

    Defendant.
_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL**
_____

    Before the Court is Defendant's Motion to Compel Grynberg to Answer One Interrogatory [Docket #143]. The matter is briefed and has been referred to this Court for resolution [Docket #144]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion to Compel.

    The tortured history of this litigation is set forth in the Recommendation issued on December 19, 2007, and need not be repeated here. Relevant to this Motion, Defendant received a judgment against Plaintiffs, whereby Plaintiffs are required to submit payment to Defendant within three business days of Plaintiffs' receipt of each quarterly payment from British Gas ("BG") until the judgment is satisfied. Defendant contended in its Motion to Enforce the Judgment that Plaintiffs had delayed in making certain payments, and Defendant is now concerned that other payments may not have been made on time, if at all. To that end, Defendant submitted an interrogatory to Plaintiffs, pursuant to Fed. R. Civ. P. 69, requesting that Plaintiff Grynberg "[l]ist the date of payment and amount of payment for each payment that you have received from BG or any related, affiliated, or

subsidiary companies." Dock. #14. At 1. Defendant argues that this information is necessary to ensure it has previously received all payments on time. Because of the parties' history, Defendant is concerned that it will not receive proper payments without this information to verify when Plaintiff Grynberg receives payments from BG.

In response, Plaintiffs argue that the information sought is irrelevant to this case because the Recommendation already includes a calculation for interest owed to Defendant for the late payments at issue in Defendant's Motion to Enforce Judgment. Plaintiffs further contend much of the information is already in Defendant's possession and that "[n]o other conceivable purpose could be served by an answer." Dock. #148 at ¶ 2.

The Federal Rules of Civil Procedure allow discovery after judgment has entered "in aid of the judgment." Fed. R. Civ. P. 69(a)(2). Such discovery may be sought in the original suit or in separate proceedings. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 314 (3d Cir. 2006). This includes written discovery. Fed. R. Civ. P. 69 advisory committee note ("[I]n aid of execution on a judgment, all discovery procedures provided in the rules are available.").

Here, Defendant has submitted an interrogatory to determine whether it is receiving the proper payments in accordance with the judgment entered against Plaintiffs. Thus, the discovery sought is allowed under Rule 69. Plaintiffs did not respond to the discovery and have not established good cause for their failure to do so. Therefore, their objections to the discovery are waived. Fed. R. Civ. P. 33(b)(4). Even if Plaintiffs had timely objected, the information sought is clearly relevant to the Defendant's ability to execute the judgment by ensuring that it receives timely payments from Plaintiff and that it has received all monies that are owed. Further, the parties' dispute, which is the subject of this Court's Recommendation dated December 19, 2007, underscores

the relevance and necessity of this discovery.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Grynberg to Answer One Interrogatory [Filed April 14, 2008; Docket #143] is **granted**. Plaintiffs are directed to fully answer the Interrogatory at issue on or before **May 23, 2008**.

Dated at Denver, Colorado, this 15th day of May, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge