IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 98-cv-00630-WYD-MEH

GRYNBERG PRODUCTION CORP.; and
TRANSWORLD RESOURCES CORP.,

    Plaintiffs,

v.

SUSMAN GODFREY, L.L.P.,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
ON MOTION FOR RELIEF AND MOTION TO ENFORCE [SEALED]**

---

I.    INTRODUCTION

This matter is before the Court on Plaintiffs' Verified Motion for Relief from Order to Pay and Susman Godfrey L.L.P.'s Motion to Enforce Judgment and Opposition to Grynberg's Motion for Relief. These matters were referred to Magistrate Judge Hegarty, who issued a Recommendation on Motion for Relief and Motion to Enforce on December 19, 2007. The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The Recommendation finds that Plaintiff's Verified Motion for Relief from Order to Pay should be denied and that Susman Godfrey's Motion to Enforce Judgment should be granted in part and denied in part. Plaintiffs filed timely Objections to the Recommendation, and a response and reply to the Objections were also filed.

II.    FACTUAL BACKGROUND

This case has a long history. Relevant to the motions at issue and as noted in the Recommendation, in October 1992, after two months of negotiation, Plaintiffs Grynberg Production Corp. and Transworld Resources Corp. [collectively "Plaintiffs" or "Grynberg"] entered into a contingent fee agreement for the services of Susman, Godfrey L.L.P. ["Defendant"] regarding a dispute between Grynberg and British Gas ["BG"]. The Agreement provided that Defendant would be paid 30% of any recovery from the litigation against BG, subject to a cap of $50,000,000.00 if the case settled within a year. After several months of litigation, Grynberg entered into a Settlement Agreement in July 1993 and, after additional litigation arose concerning the Agreement, entered into a final Settlement Agreement in July 1995.

In addition to other payments required to be made by BG to Plaintiffs, the Agreement provides that BG would pay Plaintiffs $47,000,000.00 in 40 quarterly installments of $1,175,000.00 each. In addition, BG paid Plaintiffs an initial cash payment of 9,000,000.00, from which, under the fee agreement, Plaintiffs paid Defendant approximately $3,000,000.00 in accordance with the 30% contingency rate in the fee agreement.

On January 29, 1998, BG made the first of the 40 fixed quarterly payments to Grynberg. Plaintiffs did not, in turn, make any payment to Defendant under the fee agreement. Instead, in or about March 1998, Plaintiffs initiated this action alleging that the fee agreement with Defendant was unreasonable, unenforceable, and in violation of public policy. Defendant's motion to compel arbitration was granted in July 1998, and

an arbitration on the claims was held in March 1999. The arbitrator found substantially in favor of Defendant, but modified the fee agreement by reducing the contingency rate to 28% and the cap on fees to $46,666,666.67. He also awarded post-judgment interest at the rate of 10% "on all future amounts that are not paid when due."

On August 31, 1999, Defendant's motion for an order confirming the arbitration award was granted. On January 27, 2000, the arbitration award was adopted in its entirety and the Court entered an Order and Final Judgment. Plaintiffs appealed, and on May 7, 2001, the Tenth Circuit affirmed this Court's Order. This Court then entered an Agreed Order on June 6, 2001 releasing funds from the Court's registry to Defendant, ordering that the provisions of the Court's January 27, 2000 Order remain in full effect, ordering Plaintiffs to pay Defendant within three business days of Plaintiffs' receipt of each quarterly payment from BG, and dismissing the case with prejudice.

Over six (6) years later, in October 2007, Plaintiffs filed their motion for relief at issue. Plaintiffs contend therein that they have, thus far, paid Defendant a total of $23,145,147.57, including 39 quarterly payments of $329,000.00 each, which is 28% of BG's $1,175,000.00 quarterly payment to Plaintiffs. Plaintiffs seek permission to withhold the 40th and last $329,000.00 quarterly payment, based upon a "change in circumstances unforeseen at the time the [Agreed] Order was made." This is based on the fact that since 2005, an arbitration has proceeded between Plaintiffs and BG in which Plaintiffs "claim[] more is due" from BG under the Settlement Agreement, and BG claims it has overpaid Plaintiffs under the Settlement Agreement. Plaintiffs argue that if BG were to succeed in the arbitration, Defendant will have been overpaid by 28% of the

amount BG will be able to recover in the arbitration. Specifically, the $329,000 payment would be 28% of a payment received by Grynberg from BG pursuant to the July 1995 Settlement Agreement. Plaintiffs further claim it would be inequitable to interpret the Court's Order so that Defendant is paid its percentage of settlement payments, when Plaintiffs may have to repay those amounts. Plaintiffs request that the Court grant relief from future payments under the Order until the dispute with BG is resolved and the overpayment issue is settled.

Defendant opposed Plaintiffs' Motion for Relief and responded with a Motion to Enforce the Judgment. Defendant asserts, among other things, that Plaintiffs were consistently late in paying each of the last 20 payments owed to Defendant. More specifically, Defendant claims that Plaintiffs received a $32.9 million payment from BG in June 2005, but failed to pay Defendant until October 5, 2005 after Defendant demanded payment. Thus, Defendant claims under the Court's Agreed Order that Plaintiffs owe Defendant $224,946.01 in interest for its untimely payment.

In his Recommendation, Magistrate Judge Hegarty recommends that Plaintiffs' Verified Motion for Relief from Order to Pay be denied on two bases. He first finds that the motion, which Magistrate Judge Hegarty construed to be brought under FED. R. CIV. P. 60(b)(6), was not filed in a reasonable time. Second, he finds that even if the motion was filed within a reasonable time, Plaintiffs failed to show that the requested relief was justified. *See* Recommendation at 5-9.

As to Defendant's Motion to Enforce Judgment, Magistrate Judge Hegarty finds that the motion should be granted to the extent it sought an immediate payment to

Defendant of its share of the October 2007 payment from BG to Plaintiffs, plus interest in accordance with the Court's June 6, 2001 Order. Recommendation at 9-10. He also finds that the motion and Defendant's requests are not time-barred, and that Plaintiffs' argument that Defendant's claim for interest on the October 2005 late payment has been "settled" or "waived" was without merit. *Id.* at 10. Defendant's motion was thus granted to the extent it sought payment by Plaintiffs of post-judgment interest on the October 4, 2005 payment, which amounts to $224,946.01. *Id.* at 11. Finally, Magistrate Judge Hegarty recommends that Defendant's motion be denied to the extent it sought attorneys' fees and costs associated with the preparation of its motion, as Defendant failed to articulate any authority or basis upon which to impose such a sanction. *Id.*

Plaintiffs' Objections to the Recommendation assert that Magistrate Judge Hegarty erred in denying them the right to withhold the $329,000 payment and in granting Defendant's cross-motion. Defendant did not file cross-objections. I address the substance of Plaintiffs' Objections below.

III. <u>ANALYSIS</u>

I first address the standard of review of the Recommendation. Plaintiffs contend in their reply brief regarding the Objections that the matter is dispositive requiring a de novo determination as to the findings in the Recommendation. I do not necessarily agree. It appears that the motion may actually be nondispositive rather than dispositive, although this issue was not briefed by the Defendant. Nonetheless, since I find that my ruling would be the same under either the de novo or the clearly erroneous or contrary

to law standard of review for nondispositive motions, I will assume for purposes of this ruling that the review is de novo.

Turning to the substance of Plaintiffs' Objections, Plaintiffs first assert that Magistrate Judge Hegarty erred by construing their motion as one brought under Rule 60(b)(6). Plaintiffs contend that they have not sought relief under any contract, order or judgment. Instead, they assert that the gravamen of the motion is that the judgment and contract with Defendant be enforced in accordance with its letter, its intent and the law.

As to the terms of the contract and the Judgment, Plaintiffs assert that the substantive terms of this Court's Order and Judgment of June 6, 2001, are the same as those of the Fee Agreement between Grynberg and Defendant as modified by the 1998 fee arbitration between them, and incorporate the terms of the Settlement Agreement between Grynberg and BP. The Fee Agreement by its terms called for Defendant to be paid 30% (later amended to 28%) of "all sums actually received" by virtue of settlement or judgment in Grynberg's litigation with BP. Further, the Fee Agreement at ¶ 2 specifically contemplates a deduction for "all costs incurred by client". It is argued by Plaintiffs that the operation of the Fee Agreement is determined in part by Grynberg's rights—minus his liabilities—in the Settlement Agreement with BG.

Even apart from that issue, Plaintiffs argue that the law is clear that an attorney's contingent fee applies to the *net* recovery actually paid to the client, and the Fee Agreement at issue provides nothing to the contrary. Plaintiffs conclude that the operative judgment incorporates the Arbitration Agreement, which mandates

performance of the Fee Agreement under which payment is determined by Grynberg's receipt of funds under the terms of the Grynberg-BG Settlement Agreement. By asking that the Fee Agreement be interpreted and enforced in accordance with the facts and law, Plaintiffs assert that they are not asking for relief from a judgment.

I find no merit to Plaintiffs' arguments. I agree with Magistrate Judge Hegarty that Plaintiffs' motion is properly construed as a motion under Rule 60(b). I further agree with the finding in the Recommendation that Plaintiffs did not bring their motion within a reasonable time, and that they did not show exceptional circumstances which justify relief under Rule 60(b)(6).

I first address the issue of whether Plaintiffs' Verified Motion for Relief from Order to Pay is properly construed as filed under Rule 60(b) of the Federal Rules of Civil Procedure. Magistrate Judge Hegarty correctly determined that Plaintiffs' motion violates the Local Rules of this Court since it does not state what rule or statute it is filed under, in violation of Rule 7.1(C) of the Local Rules. D.C.COLO.LCivR 7.1(C). Thus, Magistrate Judge Hegarty was required to determine what rule was appropriate.

As to the merits of the issue, I find that Magistrate Judge Hegarty correctly determined that Plaintiff's motion should have been construed as filed under Rule 60(b). Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . [for] any other reason justifying relief from the operation of the judgment" so long as the motion is filed "within a reasonable time." FED. R. CIV. P. 60(b)(6).

Plaintiffs artfully argue that they are not seeking relief from judgment, a prerequisite for Rule 60(b) to apply. Instead, they are asking that the judgment and contract be enforced in accordance with its letter, its intent and the law. I disagree. This argument is squarely contrary to the relief sought in Plaintiff's motion (and as asserted in the title) which is a request for relief from order to pay. The order to pay that Plaintiffs seek relief from obviously relates to the Final Judgment and Agreed Order wherein Plaintiffs were ordered to make the required payments to Defendant, including the $329,000 at issue. Accordingly, I find that Plaintiffs are necessarily seeking relief under Rule 60(b).

To the extent that Plaintiffs are asserting that the underlying Fee Agreement between Grynberg and Defendant allows them to avoid payment, I also disagree. First, the Arbitration Award, the Final Judgment and the Agreed Order are controlling in this case, not the underlying Fee Agreement. I agree with Defendant that Plaintiffs cannot alter those by reference to the Fee Agreement. As Defendant notes, the arbitrator had all of the applicable provisions in front of him when he drafted a remedy. Plaintiffs could have urged that he give them the right to deduct future litigation expenses, but chose not to. I cannot substantively alter the remedies already in place.

Further, as noted by Defendant, even if the Fee Agreement could somehow be deemed to override the Arbitration Award, Final Judgment and/or Agreed Order, the section of the Agreement that Plaintiffs rely on to justify their argument that payment is not required is not applicable. Specifically, while Plaintiffs assert that Section 2 of the Fee Agreement authorizes them to deduct costs before paying Defendant, this section

applies only to the noncash portion of the settlement. Here, the payments at issue to Plaintiffs from BP are in cash. Section 1 of the Fee Agreement applies to such cash awards, and does not authorize the deduction of costs.

Having found that Rule 60(b) applies, I now turn to Magistrate Judge Hegarty's determination that Plaintiffs' motion is untimely and that it should not be granted on its merits. I first agree with the finding in the Recommendation that Plaintiffs' motion was not filed within a reasonable period of time. As noted in the Recommendation, this depends on the facts and circumstances of each case, "taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties." Recommendation at 6 (quoting *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983)).

Magistrate Judge Hegarty noted, quite correctly, that the interest in finality in this case is substantial. The case originated over ten years ago, was taken to arbitration, and the arbitration award was reviewed and confirmed by this Court and the Tenth Circuit. Thus, I agree with the finding that it is reasonable for Defendant to have considered the matter resolved and to have a substantial interest in the finality of the case (Recommendation at 7). This is particularly true since it was paid every payment due from Plaintiffs over the years except the last one at issue now.

Moreover, Plaintiff's motion was filed more than six (6) years after entry of the Agreed Order. Plaintiffs did not articulate in their motion any reason for the substantial delay in filing the motion. They now argue, however, that their motion was not late as BG's claim for recovery of the $6.6 million was not asserted until mid-2007. However,

-9-

Defendant points out that Grynberg initiated the arbitration against BG in 2005, and BG has asserted its claim against Grynberg since at least March 2006. Yet Plaintiffs still waited a year and a half to file their motion, and continued making payments to Defendant without any notice that they might seek relief from the judgment. Under these circumstances, I find that Plaintiffs' motion was untimely.

I also find that Plaintiffs' filing of their motion has resulted in prejudice to Defendant. Plaintiffs claim that they expended nearly $559,000.00 in legal fees. As noted in the Recommendation, had Plaintiffs pursued the relief in a timely fashion and notified Defendant of a potential liability, Defendant may have made choices or decisions that may have affected any obligation it has for the substantial fees and costs expended by Plaintiffs. Accordingly, based on all of the above factors, I find that the Recommendation that Plaintiffs' motion be denied as untimely should be affirmed.

Finally as to Rule 60(b), even if Plaintiff's motion were timely, I affirm the Recommendation that Plaintiffs' motion should be denied without prejudice under Rule 60(b)(6) for failure to show that the requested relief is justified under the exceptional circumstances requirement of the Rule. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) ("a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice"). As noted by Magistrate Judge Hegarty, the motion is based in part upon speculation about what may occur in the future, *i.e.*, should BG succeed in the pending arbitration, Plaintiffs would be required to pay back a portion of the settlement proceeds (some of which were paid to Defendant). I find it is not appropriate to make rulings based on

what *might* occur in the future. I further find that this is not the type of extraordinary circumstance contemplated by Rule 60(b)(6).

Finally, I also reject Plaintiffs' arguments that: (1) Grynberg is entitled to a setoff for amounts which he may be required to pay back to BG sometime in the future; (2) Grynberg can set off expenses which he has incurred in his arbitration proceeding against BG; (3) the law of attorney and client supports Plaintiffs' motion; and (4) that interest should not be awarded to Defendant. I find that the Recommendation is well reasoned and sound, and that Magistrate Judge Hegarty's Recommendation on these issues should be affirmed for the reasons stated therein as well as in Defendant's response to Plaintiffs' Objections. I also affirm and adopt the Recommendation to grant Defendant's Motion to Enforce as to the merits and deny it as it pertains to the request for attorney's fees and costs.

IV.     CONCLUSION

Based upon the foregoing, it is

ORDERED that the Recommendation on Motion for Relief and Motion to Enforce Pursuant to Fed. R. Civ. P. 72 (filed under seal) (Doc. # 135) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiffs' Verified Motion for Relief from Order to Pay is **DENIED**. Susman Godfrey L.L.P.'s Motion to Enforce Judgment and Opposition to Grynberg's Motion for Relief the motion is **GRANTED IN PART AND DENIED IN PART** consistent with this Order and the Recommendation.

Dated: March 6, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge