IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 98-cv-00630-WYD-MEH

GRYNBERG PRODUCTION CORP.; and
TRANSWORLD RESOURCES CORP.,

    Plaintiffs,

v.

SUSMAN GODFREY, L.L.P.,

    Defendant.

## ORDER (SEALED)

This matter is before the Court on Susman Godfrey L.L.P.'s ["Susman Godfrey"] Motion to Enforce Judgment, "Plaintiff's Motion to Stay Proceedings Re Defendant's Motion to Enforce Judgment and to Compel Arbitration, Pursuant to 9 U.S.C. §§ 3 and 4", and Susman Godfrey's Motion for a Hearing. For the reasons stated below, the motion to enforce Judgment is granted, the motion for hearing is denied as moot, and the motion to stay proceedings and to compel arbitration filed by Plaintiffs Grynberg Production Corporation and Transworld Resources Corporation [collectively "Grynberg"] is denied.

I.    BACKGROUND

Much of the pertinent factual background is set out in detail in my prior Order Affirming and Adopting Recommendation on Motion for Relief and Motion to Enforce (doc. # 150 filed March 6, 2009). As set forth therein, the parties entered into a

contingent fee agreement in October 1992 for Susman Godfrey's services regarding a dispute between Grynberg and British Gas ("BG"). The agreement provided that Susman Godfrey would be paid 30% of any recovery from the litigation against BG, subject to a cap of $50,000,000.00 if the case settled within a year. Grynberg and BG entered into a final Settlement Agreement in July 1995. In addition to other payments required to be made by BG to Grynberg, the settlement agreement provided that BG would pay Grynberg $47,000,000.00 in 40 quarterly installments of $1,175,000.00 each.

In January 1998 BG made the first of the 40 payments to Grynberg. Grynberg did not, in turn, make any payment to Susman Godfrey as required under the fee agreement. Instead, Grynberg initiated this action alleging that the fee agreement with Susman Godfrey was unreasonable, unenforceable, and in violation of public policy. A motion to compel arbitration was granted in July 1998, and an arbitration on the claims was held in March 1999. The arbitrator found substantially in favor of Susman Godfrey but modified the fee agreement by reducing the contingency rate to 28% of any recovery by Grynberg from BG and the cap on fees to $46,666,666.67. The arbitrator also awarded post-judgment interest.

On January 27, 2000, the arbitration award was adopted in its entirety and the Court entered final judgment. Grynberg appealed, and the Tenth Circuit affirmed the judgment. This Court then entered an Agreed Order on June 6, 2001 releasing funds from the Court's registry to Susman Godfrey, ordering that the provisions of the Court's January 27, 2000 Order remain in full effect, ordering Grynberg to pay Susman Godfrey

within three business days of Grynberg's receipt of each quarterly payment from BG, and dismissing the case with prejudice.

In October 2007, Grynberg filed a motion for relief from payment. The motion stated that Susman Godfrey had been paid 39 quarterly payments of $329,000.00 each, which amounted to 28% of BG's $1,175,000.00 quarterly payment to Grynberg. Grynberg sought permission to withhold the 40th quarterly payment based upon a "change in circumstances" unforeseen at the time the Agreed Order was made. This alleged change in circumstances related to an arbitration that was proceeding between Grynberg and BG regarding amounts due under the settlement agreement. Grynberg argued in the motion that if BG were to succeed in the arbitration, Susman Godfrey will have been overpaid and that it would inequitable to interpret the Court's prior Order to require continued payment to Susman Godfrey when Grynberg may have to repay those amounts to BG. Grynberg requested that the Court grant relief from future payments until the dispute with BG was resolved.

Susman Godfrey opposed Grynberg's motion and filed a motion to enforce the judgment. It asserted that Grynberg was consistently late in paying each of the last 20 payments owed to Susman Godfrey and requested interest on such payments.

Magistrate Judge Hegarty issued a Recommendation on both motions in December 2007. He recommended therein that Grynberg's motion for relief from order to pay be denied as the motion, which was construed as a Rule 60(b)(6) motion, was not timely filed and because Grynberg failed to show that the relief was justified. He also recommended that Susman Godfrey's motion to enforce judgment be granted to

the extent it sought an immediate payment of its share of the October 2007 payment from BG to Grynberg, plus interest. As noted previously, the Recommendation was affirmed by Order of March 6, 2009.

II. THE CURRENT DISPUTE

On August 19, 2009, Susman Godfrey filed the motion to enforce judgment currently at issue. The motion requests an order from the Court requiring Grynberg to take all steps necessary to secure payment to it of $1,687,948.08 held in trust for Susman Godfrey by BG. It asserts that despite the fact that the parties negotiated and signed, and the Court entered an Agreed Order in which Grynberg agreed (among other things) to pay Susman Godfrey within three business days of receiving payment from BG, Grynberg has consistently violated its obligations under the Judgment and Agreed Order. Grynberg finally paid amounts due to Susman Godfrey after the Court granted its initial motion to enforce judgment and after a Writ of Execution was secured against Grynberg.

However, the motion asserts that Grynberg is now once again violating the Judgment and Agreed Order. It states that BG was informed by Susman Godfrey that under Texas law BG could not pay Grynberg without informing Defendant. BG expressed concern about paying Susman Godfrey's share to Grynberg, and Grynberg, BG, and Susman Godfrey then entered into a three-way agreement under which BG would pay Susman Godfrey its share directly. BG made a payment in July 2009 directly to Susman Godfrey. However, on August 4,2009, it is alleged that Grynberg revoked the parties' three-way agreement. Susman Godfrey then learned that BG had withheld

28% of payments made to Grynberg totaling $6,028,386.00, and that this money was being held in a trust account pending resolution of the issue of to whom it should be paid.

Susman Godfrey asserts that the money which BG is holding in trust belongs to it pursuant to the Court's Final Judgment and Order of January 2000 because BG paid this money to Grynberg pursuant to the settlement agreement and the Order provides that Susman Godfrey is entitled to 28% of those payments (up to a $46 2/3 million cap which has not yet been reached). Further, the Final Judgment and Order provide that Grynberg must pay 10% interest on any late payments to Susman Godfrey. The motion asserts that Grynberg failed to inform Susman Godfrey that it had received payment from BG and then tried to thwart payment to it, and that this latest misconduct is consistent with Grynberg's previous violations of the Final Judgment.

Pursuant to Fed. R. Civ. P. 69(a) and Colo. R. Civ. P. 69(g), Susman Godfrey requests that the Court enter an Order (1) that it is entitled to $51,687,948.08 currently held in trust by Bennett Jones LLP; (2) that Grynberg must execute all authorizations necessary to ensure payment to it of the amount held in trust; and (3) that Grynberg must pay interest on $1,687,948.08 from three business days after Grynberg received payment from BG.

On September 4, 2009, Grynberg filed its Motion to Stay Proceedings Re Defendant's Motion to Enforce Judgment and to Compel Arbitration. It asserts that Susman Godfrey's current motion to enforce judgment asserts a right to impose its fee on a partial recovery that has been made under the settlement agreement between

Grynberg and BG, which recovery Susman Godfrey has neither pursued nor aided as it was required to do.  Grynberg also asserts that under the law governing attorneys' fees in contingent fee cases, Susman Godfrey is not permitted to collect any such fee.  Grynberg argues that the present dispute must be referred to arbitration pursuant to the terms of the 1992 contingent fee agreement between Grynberg and Susman Godfrey, and that this issue was not determined by the prior arbitration award and the Orders of this Court.  It concludes that the present dispute raises new and different issues, neither embraced nor precluded by previous adjudication.

On May 10, 2010, Susman Godfrey advised the Court that pursuant to an interrogatory response recently served by Grynberg, Grynberg has received two additional payments from BG in the last few months.  Grynberg did not inform Susman Godfrey about these payments at the time that they were made.  Counsel for Grynberg has represented that Susman Godfrey's share of these payments was put into trust.  Susman Godfrey requests that Grynberg be required to take all steps necessary to ensure payment to Susman Godfrey of all amounts held in trust.

III.   ANALYSIS

I find after careful consideration of the file that Susman Godfrey's motion to enforce judgment should be granted and that Grynberg's motion to stay and motion to compel arbitration should be denied.  First, as to the motion to enforce judgment, Susman Godfrey is correct that this Court previously issued a Judgment and Final Order that definitively decided future payments that must be paid by Grynberg to Susman Godfrey after Grynberg receives payments from BG under the settlement

amount. Grynberg has set forth no grounds under Fed. R. Civ. P. 60 or any other law that justifies relief from the Judgment and Order setting forth the conditions of such payments. Susman Godfrey is clearly entitled to receive these payments pursuant to the terms of the Final Judgment and Order, and this Court has authority to require delivery of those payments to Susman Godfrey. *See United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235-36 (10th Cir. 2000) (affirming turnover order requiring judgment debtor to deliver certain personal property consisting of various foreign bank accounts and stock certificates to the United States Marshal as it was authorized by Colorado law, citing Fed. R. Civ. P. 69(a) and Colo. R. Civ. P. 69(g)).

Grynberg argues, however, that it is not seeking to modify the Final Judgment and Order but to compel arbitration on new and different issues that were not addressed or precluded by previous adjudication. However, the issue of whether Susman Godfrey is entitled to recover fees under the contingent fee agreement were raised or should have been raised in the prior arbitration which resolved how much Grynberg was to pay Susman Godfrey under the contingent fee agreement when Grynberg received payment from BG under the settlement agreement. This included the issue of future payments under the settlement agreement. Indeed, Grynberg advised the arbitrator that BG may in the future seek ways of avoiding its obligations to make future payments (Ex. 10 to Susman Godfrey's Opp. to Grynberg's Mot. to Stay), and the arbitrator was thus on notice that there may be future payment disputes between Grynberg and BG. The arbitration ruling presumably took that into account.

Further, the issues were largely addressed by this Court in the previous Recommendation and Order affirming same. Accordingly, they are law of the case and not subject to modification. *See Huffman v. Saul Holdings Ltd. Partnership*, 262 F.3d 1128, 1132 (10th Cir. 2001) ("The law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (quotation omitted); *see also M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 2006).

For example, the key argument in Grynberg's current motion is that Susman Godfrey may not be entitled to seek the funds it is seeking under the law governing attorneys' fees in contingent fee cases because it did not pursue or aid Grynberg in recovering these amounts from BG. (Pls.' Mot. to Stay Proceedings Re Def.'s Mot. to Enforce J. and to Compel Arbitration, Pursuant to 9 U.S.C. §§ 3 and 4 at 4-8.) However, Grynberg made the same or substantially similar arguments as to why Susman Godfrey should not receive these payments in previous motions, including the fact that it has not provided any legal or financial assistance in the dispute between BG and Grynberg. (Verified Mot. for Relief from Order to Pay at 2.)

Grynberg also argued in that motion that it is inequitable to interpret the Court's prior Order to require Susman Godfrey to be paid the amounts set forth in the Order, when Grynberg may have to repay those amounts. (*Id.*) Further, it argued that an attorney collecting on a contingent fee agreement can only collect based on the net recovery of the client (Reply to Def.'s Opp'n to Grynberg's Mot. for Relief and Resp. to Susman Godfrey, L.L.P.'s Mot. to Enforce J., at 1-2), and "that the exercise of an

attorney's lien for fees cannot be used to recover money 'until after the settlement has been finalized' and then 'only to the extent that the client has an interest in the funds that remain.'"  (Pls.' Objections to Recommendation on Mot. for Relief and Mot. to Enforce Pursuant to Fed. R. Civ. P. 72 at 12.)

Grynberg's arguments were rejected and cannot be resurrected now through the same or similar arguments or by the use of those arguments to now seek arbitration. Further, the request for arbitration is untimely as this case has been closed for years. the issues could have been asserted in the prior arbitration and/or because Grynberg could have sought arbitration on these issues in 2007 and 2008 when it argued that Susman Godfrey's right to fees should be reduced because of the pendency of Grynberg's litigation against BG.  Accordingly, I agree with Susman Godfrey that Grynberg has now waived to the right to arbitration on the issues raised in this motion. *See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994) (factors such as "'whether the party's actions are inconsistent with the right to arbitrate;", "whether 'the litigation machinery has been substantially invoked' and the parties were 'well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate", the party's delay in asserting a right to arbitration, and "whether the delay 'affected, misled, or prejudiced' the opposing party'" are relevant to determining whether a party waived its right to arbitration) (quotation omitted).  Here, I find that all of those factors support my determination that Grynberg waived the right to arbitration of the issues raised in his motion.

Further, Grynberg has not presented any new or substantially different evidence since the Court issued its prior ruling which would somehow justify Grynberg's requests to reopen this case and order arbitration. In light of this, Susman Godfrey's statement in its response to Grynberg's Motion for Relief from Order to pay filed in November 2007 seems equally applicable today: that Grynberg is using the current dispute with BG over the settlement agreement to manufacture yet another excuse to withhold payments from Susman Godfrey. (Susman Godfrey Mot. to Enforce J. and Opp. to Grynberg's Mot. for Relief at 3.)

To the extent that Grynberg's motion relates to what might occur in the future in the ongoing arbitration about the settlement agreement between BG And Grynberg, this calls for speculation and is not appropriately before the Court. Indeed, it appears that any claims regarding such future events would need to be addressed in a separate action as they were not at issue in this case.

Finally, I agree with Susman Godfrey that Grynberg cannot avoid its obligation to pay interest for its delay in making payments due to it. The Arbitration Award, Final Judgment and Agreed Order all provide for 10% interest on late payments by Grynberg. Further, I note that Grynberg has not contested the calculations by Susman Godfrey of the amounts due or its proposed orders, and have incorporated its last proposed order into my rulings.

In closing, I note the finding by Magistrate Judge Hegarty in his previous Recommendation issued in 2007 that:

> the interest in finality in this case is substantial. The case originated over ten years ago, was taken to arbitration, and the arbitration award was

> reviewed and confirmed by this Court and the Tenth Circuit. Thus, I agree
> with the finding that it is reasonable for Defendant to have considered the
> matter resolved and to have a substantial interest in the finality of the
> case.

(Recommendation at 7.) That finding is even more applicable today. I will not sanction Grynberg's continued attempts to litigate or get out of payments it owes to Susman Grynberg pursuant to the Final Judgment and Orders issued in 2000 and 2001. This case has now been closed almost nine (9) years, the parties have had their opportunities to litigate the enforceability of the Final Judgment and Orders, and this case must come to an end.

IV.  CONCLUSION

Based upon the foregoing, it is

ORDERED that Susman Godfrey L.L.P.'s Motion to Enforce Judgment (doc. # 154, 155 filed August 19, 2009) is **GRANTED**. In accordance therewith, it is

ORDERED that all amounts held in trust by Bennett Jones LLP are payable to Susman Godfrey L.L.P. pursuant to Fed. R. Civ. P. 69 and Colo. R. Civ. P. 69; Grynberg is directed to take all steps necessary to ensure payment to Susman Godfrey of the amounts held in trust by Bennett Jones LLP as well any payments due to Susman Godfrey because of settlement amounts paid by BG to Grynberg; and Grynberg is directed to pay Susman Godfrey 10% interest on the amount held in trust by Bennett Jones LLP, which interest began running from three business days after Grynberg received his share of the payments from BG. It is

FURTHER ORDERED that Plaintiff's Motion to Stay Proceedings Re Defendant's Motion to Enforce Judgment and to Compel Arbitration, Pursuant to 9 U.S.C. §§ 3 and 4" (doc. # 156 filed September 4, 2009) is **DENIED**.  Finally, it is

ORDERED that Susman Godfrey, L.L.P.'s Motion for a Hearing (doc. # 160 filed March 30, 2010) is **DENIED AS MOOT** in light of this Order.

Dated:  May 20, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge