IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 98-cv-00630-WYD-MEH

GRYNBERG PRODUCTION CORP.; and
TRANSWORLD RESOURCES CORP.,

    Plaintiffs,

v.

SUSMAN GODFREY, L.L.P.,

    Defendant.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiffs' Motion for Stay of Enforcement of Judgment Pending Outcome of Appeal filed June 9, 2010. A response was filed on June 25, 2010, and a reply was filed on June 29, 2010. The motion relates to the Court's Order of May 20, 2010, which granted Susman Godfrey, L.L.P.'s ["Susman"] Motion to Enforce Judgment and which denied Plaintiffs' Motion to Stay Proceedings Re Defendant's Motion to Enforce Judgment and to Compel Arbitration.

In the motion, Plaintiffs "acknowledge[] the Court's decision in its Order but asserts that this Court is not the appropriate forum to make the determination of whether or not monies recovered by Grynberg from British Gas ("BG") as a result of an audit performed in Canada, without any assistance from Susman, is subject to an agreement between Grynberg and Susman. . . . ." (Mot. for Stay of Enforcement of J. Pending Outcome of Appeal at 1, ECF No. 166.) Instead, Plaintiffs assert that this is an

issue that must be referred back to arbitration. Plaintiffs state that they believe they have a reasonable chance of prevailing on the merits of the appeal they have filed regarding the Court's denial of their Motion to Stay Proceedings re Defendant's Motion to Enforce Judgment and to Compel Arbitration. They further assert that if this motion is granted, Grynberg "will endeavor to cause BG to pay into this Court all monies due Susman presently held in trust by BG's attorneys" and "an amount sufficient to serve any interest claims on the judgment, to be held by the Court until a final resolution of Grynberg's appeal." (*Id.* at 2.)

I find that Plaintiffs' motion should be denied. In an Order dated March 6, 2009, I previously denied a motion for relief from judgment by the Plaintiffs; namely, Plaintiffs' Verified Motion for Relief from Order to Pay which was construed as a motion under Rule 60(b). Accordingly, Plaintiffs' Motion for Stay of Enforcement of Judgment is moot. *See Ramsey v. Mansfield*, No. 07-cv-01793, 2008 WL 4748348, at *1 (D. Colo. 2008) ("Denial of a motion for stay of execution of judgment under Fed. R. Civ. P. 62 is proper when a motion for relief from judgment has already been denied. . . . In other words, a Rule 62(b) motion is moot when a court has already ruled on a motion for relief from judgment") (citing *Point PCS, LLC v. Sea Haven Realty and Constr.*, 95 Fed. Appx. 24, 28 (4th Cir. 2004); *Castille v. Pomroy*, 1994 WL 261219, at *2 (5th Cir. 1994); *In Re Zapata Gulf Marine Corp.*, 941 F.2d 293, 295 (5th Cir. 1991)).

Even if Plaintiffs' Motion for Stay of Execution of Judgment Pending Appeal is not moot in light of my March 26, 2009 Order, whether to stay execution is within the discretion of the Court. I find that a stay is not appropriate given the age of the

judgment in this case and the fact that I have previously denied repeated attempts of Plaintiffs to avoid their obligations in connection with same. Thus, I find that a stay is not consistent with the interests of justice. It is therefore

ORDERED that Plaintiffs' Motion for Stay of Enforcement of Judgment Pending Outcome of Appeal filed June 9, 2010, is **DENIED**.

Dated: July 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge